### LITTLE ROCK & FT. SMITH RAILWAY CO. v. JONES.

1. NEGLIGENCE: *When presumed against railroads.*
    A railroad company is not liable, under our statute, for unavoidable accidents in regard to stock, but the killing of stock by its train being proved, negligence is presumed against the company until disproved.

APPEAL from *Sebastian* Circuit Court.

Hon. J. H. ROGERS Circuit Judge.

*Clark & Williams* for appellant.

The law requires the agents of railroads to use reasonable efforts only to avoid injuries after the animal is known to be on the track. Superhuman efforts or superhuman watchfulness are not required. *R'y. v. Henson, 39 Ark; 26 Ark., 3.*

*R'y. v. Finley, 37 Ark., 540*, is not law. *Sher. & Red. on Neg., sec. 36; 2 Thomp. Neg., p. 1157, sec. 8 and note 1 ; 13 Cent. Law Jour., p. 10.*

*Cohn & Cohn* for appellee.

The burden was on appellant. *33 Ark., 816.* The ques-

tion was negligence and that was for the jury. *Sh. & Red. Neg.*, sec. *219;  Wharton on Neg.*, sec. *420*.

This court will not reverse unless total want of evidence. *18 Ark., 298;  21 Ib., 306;  30 Ib. 30,* and others.

SMITH, J.    This action was brought to recover damages for the negligent killing of a horse by a railway train. The verdict was for the plaintiff and the circuit court refused to disturb it for alleged misdirection of the jury and insufficiency of the evidence.

The plaintiff proved that the animal had escaped from his enclosure at night and was found next morning dead and mangled, near the railroad track;  and after proof of its value, rested.

The defendant then proved that the train left Fort Smith at 4:15 A. M.;  that the night was dark and foggy, but the engine had a bright head-light, which lighted up the track sufficiently for the engineer to see an object of the size of a man's body lying across the track for the distance of one hundred yards ahead;  that the train was running twelve or fifteen miles an hour and could have been stopped within the distance of one hundred feet;  that the horse was in a stock gap, three or three and a half feet deep, just outside of the corporate limits of Fort Smith, and when the engineer first discovered him the engine was not more than sixty or eighty feet from the gap;  that he instantly whistled down brakes and reversed his engine, but the train struck the horse and carried his body one hundred yards below, and that it was impossible to stop the train, after the horse was seen, in time to avoid the injury.

The presiding judge signed a bill of exceptions, certifying that the foregoing testimony was produced at the trial, but refused to certify that the engineer had stated in his evidence "that he kept a watch-out ahead from the time the train left the station until the locomotive struck the horse."

Thereupon the defendant procured the signatures of by-standers attesting the truth of the exceptions as prepared by its counsel, as provided by Sec. 4698 of Gantt's Digest, and the same was filed as part of the record; but the truth thereof was maintained and controverted by affidavits and counter-affidavits.

The court at the instance of plaintiff, gave the jury the following directions, to which an exception in gross was reserved:

1. The killing of stock on any railroad track in this State shall be *prima facie* evidence that it was done by the train, and the *onus* to prove the reverse will be on the railroad company.

2. If you find that the horse in question was killed by the train, the presumption is that it resulted from a want of due care on the part of defendant, and that it is such a killing as would entitle the plaintiff to damages equal to the value of the horse at the time it was killed.

3. A railroad company is not liable for an unavoidable accident, even under our statute, in relation to stock. If with every reasonable precaution, proper look-out, and proper speed and proper attention, an unavoidable damage ensue, the company which has by law the right, under such precaution, to run its trains, is not responsible. The presumption is against the road, and the proof, under our law, must be made that there was no negligence or want of ordinary care.

The defendant moved the two following instructions which were given:

1st. That if the jury find from the evidence that the plaintiff's horse was in a stock-gap when the defendant's locomotive struck him; that it was a dark night and a part only of the animal appeared above the surface of the road, but so that he could not have been seen or discovered by the engineer on the locomotive until it was impossible to

stop the train in time to prevent the killing of the horse, and that the stock-gap was properly constructed, as stock-gaps usually are, and every effort was made to stop the train after the animal was first seen in the gap, they should find for the defendant.

2d. That to entitle the plaintiff to recover, it must appear to the satisfaction of the jury from the proof that the killing of the plaintiff's horse was occasioned, by or was the result of, the neglect or unskillfulness of the defendant's agents or employes, or of a defect or improper construction of the stock-gap.

The defendant has no cause to complain of the charge of the court. It fairly presented the law of the case. And as to the evidence, giving the defendant the benefit of the statement in the second bill of exceptions—that the engineer was on the look-out—there yet remained some small discrepancies in the engineer's story which might fairly have discredited him with the jury. Thus, if the head-light illumined the track for one hundred yards ahead and the engineer was watching out, why should he have failed to see the horse sooner? True he swears that it was impossible to do so on account of the darkness. But that was a question for the jury, and they might well have found that there was no such impossibility. It was proved that the track was straight for two or three hundred yards before coming to the stock-gap.

In *L. R. & Ft. Smith R'y. v. Finley, 37 Ark., 563,* this court held that, although stock be wrongfully on the track, yet the engineer must use ordinary care and diligence to discover it and avoid injury to it; else the company will be liable. And in *L. R. & Ft. Smith R'y. v. Holland, 40 Ark., ——,* we defined ordinary care in this class of cases to mean practically that the company's servants must use all reasonable means to avert injury after the animal is seen, or might have been seen, on or near the track.

Again, the testimony was that the train might have been stopped within one hundred feet, and although the conductor testifies that the brakes were promptly applied in response to the alarm whistle, yet the train actually ran one hundred and twenty yards before it was stopped.

The burden was upon the defendant to show by a fair preponderance of evidence that it exercised due caution in the premises and we do not interfere with verdicts, where the law has been properly charged, unless the jury has disregarded either the law or the evidence.

Affirmed.